# Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Conrad Smith, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02265-APM |
| Donald J. Trump, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Rudolph "Rudy" Giuliani

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached requests for production.

| Place: Selendy Gay PLLC<br>1290 Avenue of the Americas,<br>New York, NY 10104 | Date and Time:<br>05/16/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/25/2024

CLERK OF COURT                                    OR

_____                   _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:
Elizabeth H. Snow, pro hac vice, Selendy Gay PLLC, 1290 Avenue of the Americas, New York, NY 10104, esnow@selendygay.com, 212-390-9000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:24-mc-00351   Document 1-2   Filed 08/01/24   Page 3 of 13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-02265-APM

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

The following definitions are incorporated by reference into each Request below:

1. The singular form of a word includes the plural, and vice versa.

2. Any tense of a verb includes all tenses thereof.

3. Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4. Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5. "All," "any," and "each" mean any and all.

6. "Amended Complaint" means the Amended Complaint filed in the above-captioned case on December 4, 2021 at Docket No. 89.

7. "And" and "or" are construed both conjunctively and disjunctively.

8. "Certification" means the January 6, 2021 certification of the official results of the votes of the presidential electors in the United States presidential elections, pursuant to the 12th Amendment to the United States Constitution, the Electoral Count Act of 1887, 3 U.S.C. § 15, and related federal laws.

9. "Communication" means every manner of the transmission of information in the form of facts, ideas, inquiries, or otherwise, whether person-to-person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

10. "Defendant" means any defendant in the above-captioned case, including, for the avoidance of doubt, Donald J. Trump, Donald J. Trump for President, Inc., Make America Great Again PAC, Stop the Steal LLC, Proud Boys, Proud Boys International, LLC, Enrique Tarrio, Ethan Nordean, Joseph R. Biggs, Zachary Rehl, Charles Donohoe, Dominic J. Pezzola, Oath Keepers, Elmer Stewart Rhodes, Thomas E. Caldwell, Jessica Watkins, Kelly Meggs, Alan Hostetter, Russell Taylor, Erik Scott Warner, Felipe Antonio "Tony" Martinez, Derek Kinnison, and Ronald Mele.

11. "Defendant Trump" means Defendant Donald J. Trump.

12. "Document" means "document" and "electronically stored information" as defined in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13. "Ellipse" means the public park south of the White House fence and north of Constitution Avenue and the National Mall in Washington, D.C., also known as President's Park South.

14. "Federal Government Official" means, without limitation, any individual holding an office of trust with the United States government, including without limitation officials of any branch of the federal government, or anyone acting on their behalf.

15. "Including" means including but not limited to.

16. "January 6, 2021" means the events of January 6, 2021 in Washington, D.C., including the Save America Rally and the subsequent march to, attack on, and occupation of the U.S. Capitol, including the violent acts of Defendants as alleged in the Amended Complaint.

17. "Member" means known or perceived member.

18. "November 2020 Presidential Election" means the election held on November 3, 2020 between Defendant Trump and Joseph R. Biden.

19. "On behalf of" means anyone (directly or indirectly, partially or wholly) acting as an employee or agent of or holding themselves out to others as an employee or agent of the subject.

20. "Person" means a natural person or legal entity including any business or governmental entity or association.

21. "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, reflecting, referring to, regarding, relating to, reporting on, reviewing, setting forth, supporting, suggesting, summarizing, stating, showing, touching upon, a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

22. "Request" means any of these requests.

23. "Save America Rally" means the "Save America" event held at the Ellipse in Washington, D.C. on January 6, 2021.

24. "Select Committee" means the Select Committee to Investigate the January 6th Attack on the United States Capitol of the U.S. House of Representatives, formed on July 1, 2021.

25. "State Government Official" means, without limitation, any individual holding an office of trust within a state government, or anyone acting on their behalf.

26. "Stop the Steal Movement" means the movement that organized rallies, demonstrations, or other events at which the Stop the Steal slogan was used or promulgated.

27. "Trump Defendants" means Defendants Donald J. Trump, Donald. J Trump for President Inc., and Make America Great Again PAC.

28. "Trump Family" means Defendant Trump, Donald Trump Jr., Eric Trump, Lara Trump, Ivanka Trump, Jared Kushner, Kimberly Guilfoyle, and Melania Trump.

29. "U.S. Capitol" means the meeting place of the United States Congress and seat of the legislative branch of the U.S. federal government, located at First St. SE, Washington, D.C. 20004.

30. "White House" means the official residence of the President of the United States, located at 1600 Pennsylvania Avenue NW, Washington, D.C. 20500.

31. "You" or "Your" means Rudolph "Rudy" Giuliani.

## INSTRUCTIONS

1. These Requests seek production of material in Your possession, custody, or control. If any of Your Documents or materials are presently in the possession of a U.S. government agency, for each set of materials identify the agency and the contact person.

2. These Requests seek production of nonprivileged material.

3. For each Request, either state that You will produce the requested material or state with specificity the grounds and reasons for objecting to the Request.

4. If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5. If You object to part of a Request, specify the part and state that You will produce Documents responsive to the rest.

6. If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing

information itself privileged or protected, will enable assessment of the claim, in a privilege log that complies with Federal Rule of Civil Procedure 45(e)(2). For each Document or Communication You withhold as privileged, identify the Document or Communication, state the specific basis for the claim of privilege, and provide the following information: (1) the date appearing on the Document or Communication; (2) a description of the general nature of the Document or Communication (e.g., whether it is a letter, memorandum, e-mail, etc.); (3) the author of the Document or Communication; and (4) the identity of each person to whom the Document or Communication was addressed and the identity of each person to whom a copy was sent.

7. Produce Documents and Communications as they are kept in the usual course of business. For each Document and Communication, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

8. Produce each Document and Communication in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

9. Produce all versions of each Document and Communication that are not identical to the original Document and Communication (including all drafts) whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including April 1, 2020 through and including January 31, 2021.

## REQUESTS

1. All Documents and Communications with any Trump Defendants, or any person acting on behalf of any Trump Defendants, any Member of the Trump Family, or any person acting on behalf of any Member of the Trump Family regarding January 6, 2021.

2. All Documents and Communications with any Defendant, or any person acting on behalf of any Defendant, regarding supposed election fraud in the November 2020 Presidential Election, including regarding purported attempts to steal the November 2020 Presidential Election.

3. All Documents and Communications with any Defendant, or any person acting on behalf of any Defendant, regarding efforts to overturn the results of the November 2020 Presidential Election, with:

    a. any Defendant, or any person acting on behalf of any Defendant;

    b. any Member of the Trump Family, or any person acting on behalf of any Member of the Trump Family; or

    c. any Federal Government Official or State Government Official, or any person acting on behalf of any Federal Government Official or State Government Official; or

    d. Jenna Ellis, Boris Epshetyn, Christina Bobb, Katherine Friess, Bernard Kerik, Sidney Powell, Cleta Mitchell, Eric Herschmann, Pasquale Anthony "Pat" Cipollone, John Eastman, Jeffrey Clark, Kenneth Chesebro, or any person acting on behalf of any of these individuals.

4. All Documents and Communications regarding the legal strategy to overturn the results of the November 2020 Presidential Election, including all related memoranda and lawsuits filed, with:

    a. any Defendant, or any person acting on behalf of any Defendant;

    b. any Member of the Trump Family, or any person acting on behalf of any Member of the Trump Family; or

    c. any Federal Government Official or State Government Official, or any person acting on behalf of any Federal Government Official or State Government Official; or

    d. Jenna Ellis, Boris Epshetyn, Christina Bobb, Katherine Friess, Bernard Kerik, Sidney Powell, Cleta Mitchell, Eric Herschmann, Pasquale Anthony "Pat" Cipollone, John Eastman, Jeffrey Clark, Kenneth Chesebro, or any person acting on behalf of any of these individuals.

5. All Documents and Communications regarding the prospect of State legislators sending alternate slates of electors to Congress, including encouraging Republican legislators to send alternate slates of electors to Congress with:

    a. Any Defendant, or any person acting on behalf of any Defendant;

    b. any Member of the Trump Family, or any person acting on behalf of any Member of the Trump Family; or

    c. any Federal Government Official or State Government Official, or any person acting on behalf of any Federal Government Official or State Government Official; or

    d. Jenna Ellis, Boris Epshetyn, Christina Bobb, Katherine Friess, Bernard Kerik, Sidney Powell, Cleta Mitchell, Eric Herschmann, Pasquale Anthony "Pat" Cipollone, John Eastman, Jeffrey Clark, Kenneth Chesebro, or any person acting on behalf of any of these individuals.

6. All Documents and Communications regarding the Certification, including regarding the purported ability of the U.S. Congress and Vice President to reject presidential electors during the Certification, with:

    a. any Defendant, or any person acting on behalf of any Defendant;

    b. any Member of the Trump Family, or any person acting on behalf of any Member of the Trump Family; or

    c. any Federal Government Official or State Government Official, or any person acting on behalf of any Federal Government Official or State Government Official; or

    d. Jenna Ellis, Boris Epshetyn, Christina Bobb, Katherine Friess, Bernard Kerik, Sidney Powell, Cleta Mitchell, Eric Herschmann, Pasquale Anthony "Pat" Cipollone, John Eastman, Jeffrey Clark, Kenneth Chesebro, or any person acting on behalf of any of these individuals.

7. All Documents and Communications with any Defendant, or any person acting on behalf of any Defendant, regarding the Electoral Count Act.

8. All Documents and Communications with any Defendant, or any person acting on behalf of any Defendant, regarding the following public appearances You made:

      a. Your November 7, 2021 Philadelphia press conference held in front of the Four Seasons Total Landscaping business;

      b. Your November 19, 2020 joint press conference held with Sidney Powell and Jenna Ellis at the Republican National Committee headquarters in Washington, DC regarding election fraud; and

      c. Your November 20, 2020 Fox News appearance where You asserted claims of voter fraud and claimed that the Democratic party was growing "more and more and more corrupt" in which You stated "[s]omeboy's got to cut the head off."

      d. Your January 6, 2021 Save America Rally appearance where you stated, "Let's have trial by combat."

9. All Documents and Communications regarding Your attendance during the call in Mark Meadow's office with Defendant Trump on January 2, 2021.

10. All requests or demands for Documents or information, including all subpoenas You received from any investigating authority, including any local, state, or federal government authority, regardless of whether You are a party in the relevant action, and including in any civil case, regardless of whether You are a party in the relevant action, and including from the Select Committee, regarding January 6, 2021, the Certification, or any other relevant subject, from January 6, 2021 to and including the present.

11. All Documents and Communications You produced or shared in response to the requests or demands in Request 10, including sworn and unsworn testimony, from January 6, 2021 to and including the present.

8

Dated: April 25, 2024    By: _____

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Elizabeth Snow, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com
esnow@selendygay.com
eness@selendygay.com

Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
mepstein@lawyerscommittee.org

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Anna T. Neill, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com
aneill@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al.*