1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Joshua S. Margolin
Partner
212.390.9022
jmargolin@selendygay.com

**MEMO ENDORSED**, pg. 3.

August 1, 2024            CONFIDENTIAL

**Via ECF**

U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re Subpoena to Rudolph Giuliani*, No. 1:24-mc-351
      Underlying Action: *Smith v. Trump*, No. 21-cv-02265 (D.D.C.)
      Letter-Motion for a Pre-Motion Conference

Your Honor:

   We represent U.S. Capitol Police Officers Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland (collectively, "Plaintiffs") in the pending action *Smith v. Trump*, No. 21-cv-02265 (D.D.C.) (the "Underlying Action"). We write, pursuant to Fed. R. Civ. P. 45(d) and Local Civil Rule 37.2, to request a pre-motion conference regarding Plaintiffs' intended motion to enforce Plaintiffs' non-party subpoena *duces tecum* to Rudolph Giuliani ("Mr. Giuliani").

I.   **Factual & Procedural Background**

   Plaintiffs are eight U.S. Capitol Police Officers who served and were injured at the U.S. Capitol on January 6, 2021. Seven months later, they brought the Underlying Action in the U.S. District Court for the District of Columbia against several defendants for conspiring to carry out and carrying out the January 6, 2021 attack on the U.S. Capitol (the "Attack") and precipitating events, including the "Save America Rally" on the same date. A copy of Plaintiffs' operative complaint in the Underlying Action is attached as Exhibit A.

   Plaintiffs allege that Mr. Giuliani, a former attorney associated with Defendants Trump and Donald J. Trump For President, Inc. (the 2020 Trump Campaign), was heavily involved in core aspects of the actions underlying Plaintiffs' claims. Specifically, Plaintiffs allege that, with awareness of Defendant Trump's strategy

U.S. District Judge
August 1, 2024

to overturn the election results, Mr. Giuliani and other co-conspirators actively participated in spreading Trump's false claims of election fraud, including by filing baseless lawsuits challenging election results. Ex. A. at ¶ 54. Mr. Giuliani also was a featured speaker at the Save America Rally preceding the Attack. Ex. A at ¶ 114.

On April 26, 2024, Plaintiffs served a subpoena *duces tecum* ("the Subpoena"), pursuant to N.Y. CPLR § 308(2), on Mr. Giuliani by both delivering the Subpoena to a person "of suitable age and discretion," Mr. Giuliani's doorman, at Mr. Giuliani's "usual place of abode," in New York, and mailing the Subpoena to the same address via certified mail. *See* N.Y. CPLR § 308(2); Ex. B (redacted copy of Subpoena); Ex. C (redacted copy of proof of service); Ex. D (redacted certified mail receipt).[1] This was after Plaintiffs twice attempted personal service on Mr. Giuliani at his Florida residence, including on Oct 18, 2023, and on March 28, 2024.

Mr. Giuliani was required to respond or object to the Subpoena within 14 days by May 10, 2024. However, Mr. Giuliani did not produce documents, serve objections, or otherwise respond to the Subpoena by May 10, 2024, or in the two months thereafter.

Plaintiffs' attempts to contact Mr. Giuliani's attorneys have been unsuccessful. Plaintiffs have contacted attorneys for Mr. Giuliani listed as counsel of record in three separate matters—*Georgia v. Trump*, No. 23SC188947 (Ga. Super. Ct.), *Lee v. Trump*, No. 21-cv-400 (D.D.C),[2] and *In re Giuliani*, No. 23-bk-12055 (Bankr. S.D.N.Y.) (dismissed July 12, 2024)—but each attorney instructed that they do not represent Mr. Giuliani in connection with this matter. We now have no alternative but to move to compel.

II. **Intended Motion to Compel**

Plaintiffs respectfully request a pre-motion conference regarding their intended motion to compel Mr. Giuliani's production of documents responsive to the Subpoena's eleven narrowly tailored document requests, which are vital to Plaintiffs' case. The documents sought are directly relevant to the Underlying Action and are discoverable with minimal burden to Mr. Giuliani, who has waived his objections by ignoring the Subpoena and failing to respond by the May 10 deadline.

This Court has jurisdiction to enforce the Subpoena against Mr. Giuliani because he resides in this District. *See NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 354 (S.D.N.Y. 2018) ("A district court must have personal jurisdiction over a nonparty

---

[1] Plaintiffs will serve process on Mr. Giuliani in a similar manner for this action.

[2] The Underlying Action was consolidated with *Lee* on February 16, 2024, for purposes of discovery on Defendant Trump's claim of presidential immunity. Order, *Lee*, No. 21-cv-400 (D.D.C), ECF No. 78 (Feb. 16, 2024). Mr. Giuliani was dismissed from *Lee* by order dated February 18, 2022.

U.S. District Judge
August 1, 2024

to compel it to comply with a Rule 45 subpoena." (citing *Gucci Am., Inc. v. Li*, 125 F.Supp.3d 87, 93 (S.D.N.Y. 2015))).

The Subpoena seeks records from Mr. Giuliani that are directly relevant to the Underlying Litigation. The Subpoena's eleven requests seek documents and communications regarding Mr. Giuliani's involvement in the events giving rise to the Underlying Action (Request 1-9), as well as information that Mr. Giuliani shared with the House Select Committee to Investigate the January 6th Attack on the U.S. Capitol and other investigating authorities (Requests 10 and 11). These requests clearly meet the broad relevance requirement of Rule 26, which is construed liberally and includes information for which "there is any possibility that the information sought may be relevant to the subject matter." *During v. City Univ. of N.Y.*, No. 05-CV-6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) (citations omitted). The requested materials are crucial to Plaintiffs' claims.

The Subpoena does not impose an undue burden on Mr. Giuliani. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). Plaintiffs have targeted a narrow scope and time period for the requests, and Giuliani has already produced much of the requested materials to other parties, meaning the burden of reproduction to Plaintiffs is negligible. *See Bridgeport Music Inc. v. UMG Recordings, Inc.*, No. 05-cv-6430, 2007 WL 4410405, at *2 (S.D.N.Y. Dec. 17, 2007); *Athene Holding Ltd. v. Dang*, No. 23-misc-171, 2023 WL 5348950, at *4 (S.D.N.Y. Aug. 21, 2023) (burden of production to a third party is minimal when reproducing documents).

Mr. Giuliani has now waived any objection to the Subpoena. Under Rule 45, written objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Here, that date was May 10, 2024. Mr. Giuliani has not asserted any objections and thus has waived them. *Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, No. 117-cv-2614, 2020 WL 526404, at *2 (S.D.N.Y. Feb. 3, 2020).

For the foregoing reasons, Plaintiffs respectfully request that the Court schedule a pre-motion conference and enforce the Subpoena against Mr. Giuliani.

Respectfully submitted,

*/s/ Joshua S. Margolin*
Joshua S. Margolin
Partner

Encl: Exhibits A–D
Cc:   Rudolph Giuliani

> A pre-motion conference will be held on August 20, 2024, at 10 a.m. Smith is directed to provide a copy of this order to Giuliani.
> SO ORDERED.
>
> */s/ Edgardo Ramos*
> Edgardo Ramos, U.S.D.J.
> Dated: 8/5/2024
> New York, New York

3