UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONRAD SMITH, DANNY MCELROY,
BYRON EVANS, GOVERNOR LATSON,
MELISSA MARSHALL, MICHAEL
FORTUNE, JASON DEROCHE, *and*
REGINALD CLEVELAND,

                Petitioners,

– *against* –

RUDOLPH GIULIANI,

                Respondent.

**ORDER**

24-mc-0351 (ER)

RAMOS, D.J.:

Pending before the Court is a motion by Petitioners to compel Rudolph Giuliani to respond to eleven outstanding discovery requests. Doc. 11. For the reasons set forth below, the motion is GRANTED.

I.     BACKGROUND

On August 1, 2023, Petitioners commenced this action, petitioning the Court to enforce a non-party subpoena *duces tecum* to Giuliani. Docs. 1, 1-B. Specifically, Petitioners asked the Court to compel Giuliani to produce documents responsive to eleven document requests, which Petitioners assert are directly relevant to *Smith v. Trump*, 21-cv-02265 (D.D.C.), the underlying action pending in the United States District Court for the District of D.C. *Id.*

According to Petitioners, on April 26, 2024, they served the subpoena on Giuliani pursuant to N.Y. CPLR § 308(2) "by both delivering [the subpoena] to a person 'of suitable age and discretion,' Mr. Giuliani's doorman, at Mr. Giuliani's primary residence in New York, and

mailing the subpoena to the same address via certified mail."[1] Doc. 12 at 2–3; *see also* Doc. 1-B. Giuliani was required to respond within 14 days, by May 10, 2024, however, Guiliani did not produce a single document, serve any objections, or otherwise respond by the deadline or within the four months thereafter.[2] Doc. 12 at 3.

On August 1, 2024, Petitioners requested a pre-motion conference seeking leave to file a motion to compel compliance with the subpoena. Doc. 1. At the conference, which was held on August 20, 2024, the Court set a briefing schedule for the motion to compel, with the motion papers due on September 10, response due on October 1, and reply due on October 8, 2024.

The motion was filed on September 10, 2024. According to Petitioners, they made three attempts to serve the motion papers on Giuliani "in the same manner that [Petitioners] served the original [s]ubpoena." Doc. 17 at 1.

On September 30, 2024, Petitioners informed the Court that they had discovered, after filing the motion to compel, that "Giuliani had allegedly moved to Florida after the Subpoena was served, and was purportedly selling his residence in New York." *Id.* Accordingly, on September 19, 2024, Petitioners delivered a copy of the motion to compel to Giuliani's Florida address via Federal Express. *Id.* at 2.

On October 8, 2024, Petitioners provided an update to the Court regarding their scheduled reply papers, due the same day. Doc. 18. Petitioners stated that given Giuliani's

---

[1] Petitioners assert that this was after twice attempting personal service on Giuliani at his Florida residence on October 18, 2023, and March 28, 2024. *Id.* at 2.

[2] While no attorney has entered an appearance on behalf of Guiliani in the instant action, Petitioners state that they have contacted attorneys representing him in other pending cases, but each has disclaimed representing Giuliani in connection with this action. *Id.*

failure to file responsive papers by October 1, 2024, or ask the Court for an extension, or otherwise respond to the subpoena and subsequent motion, Petitioners view this motion as "unopposed, fully briefed, and ripe for a decision," and requested that the Court take the same position. Doc. 18 (quoting *Sines v. Yiannopoulos*, 20-mc-241 (KPF), 2020 WL 7182440, at *2 (S.D.N.Y. Dec. 7, 2020)).

On October 9, 2024, in light of the information regarding Giuliani's alleged change of residence, and to avoid prejudice to Giuliani, the Court *sua sponte* extended Giuliani's deadline to oppose or otherwise respond to the motion to compel from October 1, 2024 to October 23, 2024. Doc. 18. No response was thereafter filed.

On July 8, 2025, the Court held a status conference, wherein Petitioners' attorneys again reported that their efforts to contact Giuliani have been futile. Neither Giuliani nor any attorney purporting to represent him appeared in court. To date, Giuliani has failed to respond to the motion, Doc. 11.

## II.   LEGAL STANDARDS

Rule 4(e) provides that service of process is proper "following state law. . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Rule 45 permits parties to obtain discovery from non-parties. *See* Fed. R. Civ. P. 45. The documents or information requested must be consistent with Rule 26(b). *See During v. City University of New York*, No. 05 CIV. 6992(RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) ("Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement."). Under Rule 26(b), parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

III. DISCUSSION

    A. Personal Jurisdiction

The Court has personal jurisdiction over Giuliani because at the time the subpoena was served, Giuliani resided in New York.[3] Doc. 17 at 1; *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 354 (S.D.N.Y. 2018) (citing *Gucci America, Inc. v. Li*, 135 F.Supp.3d 87, 93 (S.D.N.Y. 2015)) (holding that a "district court must have personal jurisdiction over a nonparty to compel it to comply with a Rule 45 subpoena."); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("[T]he paradigm forum for the exercise of general jurisdiction is the individual's domicile.")

Petitioners also properly served Giuliani in accordance with N.Y. CPLR §308 (2) by serving Giuliani both at his primary New York residence and his secondary Florida residence, both by delivering the subpoena to Giuliani's doorman at his New York residence and by mailing a copy to the same address via certified mail. Doc. 12 at 2–3. Giuliani was properly served, and this court therefore has jurisdiction to enforce the subpoena.

    B. Motion to Compel

The Court hereby grants the motion to compel on two separate grounds. First, based on Petitioners' description of the requested documents, Doc. 12 at 10–13, the Court finds that the documents are relevant and proportional to the needs of the underlying case. *See* Fed. R. Civ. P. 26(b)(1). Second, the Court grants the motion to compel as unopposed. *See Freudenvoll v. Target Corp.*, No. 13-cv-06197L (MWP), 2013 WL 6243706, at *1 (W.D.N.Y. Dec. 3, 2013) ("Failure to oppose a pending motion may be fairly construed as a lack of opposition to the

---

[3] During Plaintiff's third attempt to serve Giuliani at his primary New York residence, the doorman informed the process server that Guiliani had allegedly moved to Florida *after* the Subpoena was served was attempting to sell his residence in New York. *See* Doc. 17 at. 1; *see also* Doc. 19 at 3.

requested relief or as a waiver of the party's right to be heard in connection with the motion.");

*see also Ambac Assurance Corporation v. U.S. Bank National Association*, No. 117-cv-2614 (WHP) (KHP), 2020 WL 526404, at *2 (S.D.N.Y. Feb. 3, 2020) ("By failing to timely raise any objections to subpoena, [nonparty] has waived them.")

### IV. CONCLUSION

For the foregoing reasons, Petitioners' motion is GRANTED. It is hereby ORDERED that, no later than July 28, 2025, Giuliani shall produce documents responsive to Petitioners' eleven document requests. If Giuliani fails to comply with the foregoing Order, sanctions may be imposed upon Giuliani. *See* Fed. R. Civ. P. 37(b)(2)(A). If Giuliani fails to timely comply with the foregoing Order, Petitioners shall file a letter to the ECF docket no later than August 1, 2025, advising the Court of his noncompliance.

It is SO ORDERED.

Dated: July 14, 2025
   New York, New York

                   EDGARDO RAMOS, U.S.D.J.