Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Joshua S. Margolin
Partner
212.390.9022
jmargolin@selendygay.com

April 3, 2026

Via ECF

Hon. Edgardo Ramos
United States District Court for the
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    *Smith et al. vs. Giuliani*, No. 1:24-mc-00351-ER (S.D.N.Y.)**

Dear Judge Ramos,

We write on behalf of Movants in the above-captioned enforcement proceeding concerning the non-party subpoena *duces tecum* ("the Subpoena") served on Respondent Rudolph Giuliani on April 26, 2024. As detailed in Movants' letters dated July 31, 2025 (Dkt. 34) and January 21, 2026 (Dkt. 35), Movants have spent months attempting to obtain Giuliani's basic compliance with the Subpoena, to no avail. Because the parties have reached impasse over the costs of Giuliani's compliance, Movants respectfully request a pre-motion conference pursuant to Local Civil Rule 37.2 and section 2.A of the Court's individual practices.

## I.    Factual & Procedural Background

Movants properly served the Subpoena on Giuliani in New York on April 26, 2024. *See* Dkt. 33, at 1, 4. Giuliani failed to respond within the statutory two-week period, or for months thereafter. *Id.* at 2. Movants commenced this enforcement action on August 1, 2024. By order dated July 14, 2025, this Court granted Movants' unopposed motion to compel Giuliani's compliance with the Subpoena and ordered him to produce responsive documents no later than July 28, 2025. *Id.* at 5.

Giuliani first responded to the Subpoena on July 28, 2025, more than fifteen months after it was served on him, by serving untimely responses and objections ("R&Os") and producing no documents. Dkt. 34, at 1. In August and September 2025, Giuliani's counsel claimed Giuliani did not possess any documents responsive to the Subpoena, and he invited Movants to subpoena Giuliani's former counsel at the law firm Davidoff Hutcher & Citron LLC ("DHC") for responsive records previously produced on behalf of Giuliani to the House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "January 6th Committee"). Movants served their subpoena on DHC in October 2025.

Hon. Edgardo Ramos
April 3, 2026

While DHC produced, in December 2025, 132 pages of emails surrounding the prior productions, DHC informed Movants that the contractual relationship between Giuliani and the third-party discovery vendor ("Trustpoint") was direct (not mediated through DHC), and that the vendor had closed Giuliani's account approximately two years earlier and transmitted the case file to Giuliani. It took five separate requests from Movants (on December 29, 2025, and January 5, 7, 12, and 20, 2026) for Giuliani's counsel to confirm, on January 20, 2026, that he was expecting to receive a hard drive from Trustpoint and would follow up once he received it. *See* Dkt. 35 (Jan. 21, 2026 letter), at 1–2.

On January 27, 2026, Giuliani's counsel stated that he had received the hard drive from Trustpoint and transmitted it to his "IT person" for analysis. Movants' counsel emailed Giuliani's counsel on February 2, 5, and 17, 2026, requesting the status of his analysis. On February 17, 2026, Giuliani's counsel represented that the documents are stored on the hard drive in a format that can only be accessed by first uploading the entire database to a Relativity e-discovery platform. Giuliani's counsel suggested that Trustpoint retrieve the documents from the hard drive and set up a Relativity platform for Giuliani's counsel to review the documents before reproducing them to Movants.

On February 23, 2026, Movants' counsel conferred with Giuliani's counsel and a Trustpoint representative to discuss a protocol for retrieving and reproducing documents from the hard drive. On March 6, 2026, Movants' counsel informed Giuliani's counsel that Movants are prepared to have their own e-discovery vendor temporarily host a segregated Relativity database to facilitate the review and production of Giuliani's documents. Doing so would address Giuliani's counsel's stated concerns about protecting privileges while ensuring that costs are managed in an efficient manner. To further promote efficiency, Movants agreed to prioritize just those documents and communications previously produced by Giuliani to the January 6th Committee, as well as related privilege logs.

On March 9, 2026, Movants' counsel, joined by an e-discovery professional, held a second videoconference with Giuliani's counsel and the same Trustpoint representative. While Giuliani's counsel was initially amenable to Movants' proposal, subject to ensuring there would be safeguards in place to ensure no one other than Giulianis' authorized users could access the segregated database, Giuliani's counsel stated that he would not agree to cooperate unless Movants committed, in advance, to paying all of Trustpoint's fees. Movants would not make any such commitment, and they requested that Giuliani's counsel provide a cost estimate for the anticipated review.

To date, Giuliani's counsel has not provided any such estimate. On March 16, 2026, the Trustpoint representative sent Movants his own informal estimate amounting to more than $25,000 and more than 480 hours of work, which appeared to reflect a full-scale document review that is not necessary under the circumstances. On March 17, 2026, Movants reiterated their request that Giuliani's counsel provide his estimate of the total costs expected to simply (1) identify all documents that Giuliani previously produced to the January 6 Committee, based on the Bates ranges and other information Movants already provided, and, if possible, (2) produce a privilege log for those prior productions. It has been more than two weeks, and Giuliani's counsel still has not responded.

2

Hon. Edgardo Ramos
April 3, 2026

## II.      Intended Motion

In light of the foregoing, Movants respectfully request a pre-motion conference regarding their intended motion to find Giuliani in contempt of the Subpoena and the Court's July 14, 2025 order and direct Giuliani, to purge his contempt, to (1) reproduce to Movants all documents Giuliani previously produced to the January 6th Committee within 14 days of the date of the Court's order; (2) direct Giuliani to bear the costs of production; and (3) award Movants their reasonable attorneys' fees and expenses, in an amount to be determined, incurred in connection with Movants' efforts since July 28, 2025 to enforce Giuliani's compliance with the Court's July 14, 2025 order.

Rule 45(g) provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "Civil contempt sanctions 'generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance.'" *Warshaw Grp. Inc. v. Materialink LLC*, 2024 WL 5178876, at *1 (S.D.N.Y. Nov. 14, 2024) (quoting *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 56 (2d Cir. 1982)); *see also Alston v. W. 88th Garage, LLC*, 2012 WL 6629116, at *2 (S.D.N.Y. Dec. 20, 2012) (imposing $500-per-day sanction for non-compliance and awarding attorneys' fees incurred in bringing contempt motion).

Here, Giuliani has not only failed to produce a single document, in violation of both the Subpoena and the Court's July 14, 2025 order, but he and his counsel have also strung Movants along for nearly two years through non-responsiveness and misdirection. Absent good cause, any objection to a subpoena is waived unless raised within 14 days of service. *E.g.*, *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *Freeman v. Giuliani*, 2024 WL 5054913, at *3 (S.D.N.Y. Dec. 10, 2024). That includes any objection to the cost burden associated with producing documents responsive to a subpoena. *Top Jet Enters., Ltd. v. Kulowiec*, 2022 WL 280459, at *5 (S.D.N.Y. Jan. 31, 2022). By failing to timely object to the Subpoena or even oppose Movants' motion to compel, *see* Dkt. 33, at 4, and by failing to raise any objection to the costs of production even in his untimely July 28, 2025 R&Os, *see generally* Dkt. 34-1, Giuliani has waived any objections to the costs of production.[1]

Respectfully submitted,

Joshua S. Margolin
Partner

---

[1] To be sure, Rule 45(d)(1) requires a requesting party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena." Movants have done precisely that by both requesting a limited universe of documents Giuliani previously produced to the January 6th Committee and offering to host a segregated document-review platform through Movants' own e-discovery vendor.

3